USDC IN/ND case 2:23-cv-00373-JVB-JEM   Lake Superior Court, document 2   filed 09/21/23   page 1 of 7

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | SITTING IN CROWN POINT, INDIANA |

SCHANE'S BAR AND GRILL, INC.,
    Plaintiff,

v.                                                        Cause No.

NORTHFIELD INSURANCE COMPANY
and SEAN F. MURPHY,
    Defendants.

## COMPLAINT

COMES NOW Schane's Bar and Grill Inc. ("Schane's"), by counsel, Ashford Law Group, P.C., and, for its claims against Northfield Insurance Company ("Northfield") and Sean F. Murphy ("Murphy"), states as follows:

### THE PARTIES

1)    At all times relevant herein, Schane's has been an Indiana for-profit corporation incorporated by Robert Schane aka Bobby D Schane with its principal place of business located at 8120 Lake Shore Dr, Cedar Lake, IN 46303.

2)    At all times relevant hereto, Bobby D. Schane owned certain real estate and improvements located at 8120 Lake Shore Dr. Cedar Lake, IN 46303 (the "Property").

3)    At all times relevant hereto, Northfield has been a Minnesota-based insurance company licensed by the Indiana Department of Insurance to issue property and casualty insurance policies to Indiana residents and has been doing business in accordance therewith.

4)    At all times relevant hereto, Murphy has been an insurance agent licensed by the Indiana Department of Insurance to sell certain insurance policies to Indiana residents and has been doing business in accordance therewith.

5)    At all times relevant hereto, Murphy was and had been an insurance agent for Northfield authorized to act on Northfield's behalf pursuant to an agency contract.

### THE POLICY

Group Exhibit A

6)      Since 2016, Schane's was covered by a commercial insurance policy, under Policy Number WS462064 (the "Policy"), which specifically covered the Property against losses to its building and personal property.

7)      On or about June 9, 2021, the Policy was renewed by Northfield.  A certified copy of the Policy has been requested, but has not been received.

8)      At all times relevant hereto, at the direction of Murphy, Schane's made premium payments for the Policy as they became due during the Term.

9)      The Policy provided coverage for loss to the Property, Other Structures, Personal Property, and loss of use.

### THE CLAIMS

10)      On or about November 19, 2021, a fire damaged the Property, as well as other structures, personal property, and contents (the "Loss").

11)      Shortly thereafter, Schane's timely reported the Loss to Northfield, and Northfield further assigned it Claim Number F3D7561 (the "Claim").

12)      Pursuant to the terms of the Policy, the Loss was covered and Schane's is entitled to the benefits thereof.

13)      However, Northfield failed and refused to inspect the Property or investigate the Claim.

14)      On January 20, 2021, Northfield sent Schane's a letter denying coverage, claiming that the Policy was cancelled as of September 1, 2021.

15)      However, Schane's paid the Policy premiums as they became due, and was never notified by Northfield that it intended to cancel the Policy prior to the Loss.

16)      Accordingly, Northfield failed to comply with its own Policy provisions for cancelling coverage, and therefore, Northfield is contractually precluded from cancelling coverage to avoid payment of the Loss.

17)      Otherwise, Northfield has waived cancellation of the Policy, or is otherwise estopped from cancelling the Policy.

Group Exhibit A

18)    Schane's fully complied with all terms and conditions precedent under the Policy pertaining to the provision of coverage and/or the issuance of payment for all losses associated with the Claim.

19)    Schane's has not excused Northfield's non-performance of its obligations under the Policy.

20)    Schane's has satisfied any and all preconditions to coverage, or to filing suit, or the same have been waived by Northfield.

21)    At all times relevant hereto, Northfield has acted by and through its employees and agents in its handling of the Claim.

### COUNT I – BREACH OF CONTRACT

1-21.    Plaintiff, repeats and re-alleges rhetorical paragraphs 1-21, as if fully reincorporated herein.

22)    The Policy is a valid contract ("Contract") between Schane's and Northfield.

23)    In addition to the provisions in the Policy, amendments, and endorsements, the Contract further includes additional provisions required by law, as well as an obligation by Northfield to exercise a covenant of good faith and fair dealing toward Schane's.

24)    Northfield has breached its Contract with Schane's in one or more of the following ways:

a)    Misrepresenting the terms and conditions of coverage;

b)    Failing and refusing to pay for the replacement cost and/or actual cash value and depreciation for Schane's damaged property without legal excuse or justification;

c)    Failing and refusing to pay benefits provided under the Policy without legal excuse or justification;

d)    Misrepresenting Northfield's policies regarding payment of coverages;

e)    Failing and refusing to pay Schane's pursuant to the replacement cost coverage for which Schane's has paid additional premiums and costs;

f)    Unnecessarily delaying the handling of the Claim without legal excuse or

Group Exhibit A

justification;

g)    Intentionally misleading and/or deceiving Schane's;

h)    Failing and/or refusing to properly inspect and/or investigate the loss;

i)    Failing to exercise good faith and fair dealing in its handling of Schane's Claim; and

j)    Failing to abide by notice provisions of the Policy regarding cancellation of the Policy.

25)    As a direct and proximate result of Northfield's breach of contract with Schane's, Schane's has suffered consequential damages, including but not limited to:

a)    The loss and damage to its property without indemnification provided for in the Policy;

b)    The loss of use of its property,  profits therefrom, and other insurance benefits;

c)    The increased cost to repair and/or replace its property insured;

d)    Depreciated amount of real and personal property; and

e)    Other consequential damages.

WHEREFORE, Plaintiff, Schane's Bar and Grill Inc., by counsel, respectfully requests judgment in its favor and against defendant Northfield Insurance Company, and further requests the following relief:

A.    For the payment of all proceeds available and due under the Policy;

B.    For all reasonable compensatory and consequential damages;

C.    For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and

D.    For all other just and proper relief in the premises.

Respectfully submitted,

ASHFORD DIMARTINO, P.C.

BY: C. ANTHONY ASHFORD, 19253-02
/s/ *C. Anthony Ashford*_____
Attorney for Plaintiff
334 W. 806 N.

Group Exhibit A

Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-5210
tony@ashforddimartino.com

**COUNT II – BAD FAITH/BREACH OF COVENANT OF GOOD FAITH**

1-26.    Plaintiff repeats and re-alleges rhetorical paragraphs 1-26, as if fully reincorporated herein.

26)    In addition to breaching its Contract with Schane's, Northfield further breached its covenant of good faith and fair dealing with Schane's in one or more of the following manners:

a)    By making an unfounded refusal to pay policy proceeds to Schane's;

b)    By causing an unfounded delay in making payment to Schane's damaged property;

c)    By misrepresenting pertinent facts and insurance policy provisions relating to the claims and coverages at issue;

d)    By compelling Schane's to institute litigation to protect policy benefits due under the policy, by intentionally and improperly delaying a decision; and

e)    Northfield's actions were made in bad faith and/or a breach of the covenant of good faith and fair dealing.

WHEREFORE, Plaintiff, Schane's Bar and Grill Inc., by counsel, respectfully requests judgment in its favor and against Defendant, Northfield Insurance Company, and further requests the following relief:

A.    For all reasonable compensatory and consequential damages at law;

B.    For all recoverable punitive damages at law;

C.    For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and,

D.    For all other just and proper relief in the premises.

Respectfully submitted,

ASHFORD DIMARTINO, P.C.

BY: C. ANTHONY ASHFORD, 19253-02

*/s/ C. Anthony Ashford*_____
Attorney for Plaintiff
334 W. 806 N.

Group Exhibit A

Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-5210
tony@ashforddimartino.com

### COUNT III – AGENT'S NEGLIGENCE AND MISREPRESENTATION

1-26.    Plaintiff repeats and re-alleges rhetorical paragraphs 1-26, as if fully reincorporated herein.

27)    Prior to the November 19, 2021 loss, Murphy through the Sean F Murphy Insurance Agency, INC sold Schane's the subject Northfield insurance policy as well as assisted in financing the premium payments for the same via a premium finance company.

28)    Murphy had a special relationship with Schane's because he regularly and routinely conducted business with Schane's at the property which included discussions about the insurance both in coverage and policy limits at the subject property in addition to directly receiving premium installment payments from Schane's.

29)    Upon information and belief, Murphy made misrepresentations knowing they are false to have Schane's purchase insurance through Murphy when Murphy knew or should have known the statements about the company, the insurance, and the premium finance company were false.

30)    That Schane's justifiably relied on Murphy's representations about Northfield and the premium finance company to Schane's severe detriment.

31)    Schane's issued payment for the premium finance installment payments directly to Murphy at his request.

32)    Murphy failed to notify Schane's of any cancelation of the policy.

33)    Schane's continues to be damaged because Murphy's failure to timely notify Schane's of the cancelation of the Premium financing agreement and subsequent policy cancelation.

34)    Schane's is further damaged by Schane's inability to rebuild the business, regain income, and prosper as Schane's had been accustomed to before the loss due to the negligence of Murphy and/or his agents.

WHEREFORE, Plaintiff, Schane's Bar and Grill Inc., by counsel, respectfully requests judgment

Group Exhibit A

in its favor and against Defendant, Sean F. Murphy, and further requests the following relief:

A.     For all reasonable compensatory and consequential damages at law;

B.     For all recoverable punitive damages at law;

C.     For recoverable pre-judgment and post-judgment interest and recoverable attorney fees and costs; and,

D.     For all other just and proper relief in the premises.

Respectfully submitted,

ASHFORD DIMARTINO, P.C.

BY: C. ANTHONY ASHFORD, 19253-02

*/s/ C. Anthony Ashford*_____
Attorney for Plaintiff
334 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-5210
tony@ashforddimartino.com

**JURY DEMAND**

**PLAINTIFF, BY COUNSEL, HEREBY DEMANDS TRIAL BY JURY.**

Respectfully submitted,

ASHFORD DIMARTINO, P.C.

BY: C. ANTHONY ASHFORD, 19253-02

*/s/ C. Anthony Ashford*_____
Attorney for Plaintiff
334 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210
F: (219) 728-5210
tony@ashforddimartino.com

Group Exhibit A